United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

                                No. 20-cr-20274

v.

                                Hon. Arthur J. Tarnow

Charles Joseph Kimbrough Rizzio,

    Defendant,

---

### Stipulation and Proposed Order to Continue the Plea Cut-off and Find Excludable Delay

---

On November 20, 2020, the Court set a final pretrial conference/plea hearing date in the above-reference matter for January 28, 2021, and found that the time between November 23, 2020 until January 28, 2021 was excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). On January 20, 2021, the Court adjourned the pre-trial conference/plea hearing to February 8, 2021, and the parties further stipulated to continue the pre-trial conference/plea hearing date to March 11, 2021. The Court found the time between January 28, 2021 and March 11, 2021 was excludable delay under the Speedy Trial Act,

18 U.S.C. § 3161(h)(7). The parties now stipulate to continue the pre-trial conference/plea hearing date by 30 days.

The parties further stipulate, and jointly move for the Court to find, that the time period between March 11, 2021 and the pre-trial conference/plea date to be set by the Court qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of the this continuance outweigh the best interests of the public and the defendant in a speedy trial. The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- The unprecedented and exigent circumstances created by COVID-19 have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption. On March 10, 2020, Governor Gretchen Whitmer announced a state of emergency following two confirmed cases of COVID-19 in Michigan. President Donald Trump declared a national state of emergency on March 13, 2020.
- To slow the spread of the outbreak and lessen the load placed on our healthcare systems, various restrictions have been imposed on

travel, access to public facilities, and government functions. On March 13, 2020, this court postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern District of Michigan in all criminal (and civil) cases and matters, and it postponed indefinitely all grand jury proceedings in the Eastern District of Michigan. *See* Administrative Order 20-AO-021. This Order also reflected the fact that the court cannot properly secure the presence of sufficient jurors and grand jurors in the courthouse without jeopardizing the health and safety of the prospective jurors, as well as the health and safety of court personnel. This Order further reflected the reality that the court staff, the Court Security Officers, and the Marshals Service could not operate or provide access to in-court proceedings without jeopardizing their health and safety.

- On July 2, 2020, this court superseded Administrative Order 20-AO-021 with Administrative Order 20-AO-38, which notes that "[j]ury trials during the pandemic present unique challenges." The continuing need for the social distancing mandated by Governor

3

Whitmer's executive orders makes impracticable if not impossible activities necessary for the conduct of trials, such as the gathering of large jury venire pools, the voir dire process, and the seating of jurors in a jury box. Administrative Order 20-AO-38 also recognizes that "[c]onventional courtroom layouts do not allow jury trial participants to adhere to the necessary precautions to reduce the possibility of exposure to the disease." Likewise, social distancing and the wearing of facemasks impose significant barriers to effective communication both before and during trials between defendants and defense counsel, among members of the prosecution team, and between attorneys and witnesses.

- Administrative Order 20-AO-38 also states:
  - Jury trials will not resume until the following can be accomplished:
    - screening can be commenced on potential jurors to minimize the chance of an infected individual entering the courthouse;

- courtrooms and jury gathering spaces can be modified to comply with physical distancing and safety requirements; [and]
- prospective jurors and sworn jurors can be provided with personal protective equipment (e.g., face masks, gloves, possibly face shields) where necessary.

- To date, these conditions have not been achieved, and it is unclear at this time when they will be. Thus, as of now, no criminal trials are scheduled to take place in the Eastern District of Michigan.
- On July 21, 2020, this court issued Administrative Order 20-AO-39, which explicitly found, after considering current conditions in the state of Michigan, that "proceeding with a jury trial at this time would be impossible, or result in a miscarriage of justice." Having made further generally applicable findings relating to the ability of counsel to prepare and the court's ability to safely convene juries and bring counsel and court staff into courtrooms, the court concluded this AO by excluding delay under 18 U.S.C. § 3161(h)(7)(A) from July 2, 2020, until further order of the court.

- On December 21, 2020, the court issued Administrative Order 20-AO-59, which extended the temporary use of video teleconferencing and telephone conferencing in criminal proceedings until March 26, 2021. This order notes that COVID-19 has caused and continues to cause extraordinary disruption throughout the district.
- As a result, failure to grant a continuance would likely make a continuation of the proceeding impossible, or result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

Although the court has issued a blanket determination of excludable delay for Speedy Trial purposes, the parties submit these additional case-specific reasons to supplement the reasons relied upon by the court in issuing that order, and request this Court to make case-specific findings supporting a determination of excludable delay.

- The parties are actively engaged in plea negotiations, but need additional time to discuss a potential resolution to the charges in this case. Specifically, the defense has recently presented the government with possible mitigation materials, and the government needs additional time to review these materials and

6

determine what impact, if any, they will have on a potential resolution in this case.

The parties therefore request that the Court grant a continuance of the plea cut-off date, and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

| *s/ Erin Ramamurthy* | */s James Makowski* (with consent) |
|---|---|
| Erin Ramamurthy | James Makowski |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 6528 Schaefer Road |
| Detroit, MI 48226 | Dearborn, MI 48126 |
| erin.ramamurthy@usdoj.gov | jamesjmakowski@gmail.com |
| (313) 226-9788 | (313) 434-3900 |

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

No. 20-cr-20274

v.

Hon. Arthur J. Tarnow

Charles Joseph Kimbrough Rizzio,

    Defendant,

---

## Order Continuing the Plea Cut-off and Finding Excludable Delay

---

The Court has considered the parties' stipulation and joint motion to continue the trial and the plea cut-off date and for a finding that the time period from March 11, 2021 and April 13, 2021 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from March 11, 2021 and

April 13, 2021 qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption.
- The Court is operating under an emergency administrative order, limiting the availability of the Court to conduct hearings and trials.
- As a result, failure to grant a continuance could lead to the dismissal of charges and thereby make a continuation of the proceeding impossible and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).
- The Court also finds that the ability of counsel for the defendant and for the government to prepare for trial is severely impaired by the health and travel restrictions imposed in light of the coronavirus outbreak in Michigan and elsewhere, and that a failure to grant this continuance would deny counsel for the

defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the trial before the expiration of the STA's 70-day clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii).

- The parties are actively engaged in plea negotiations. The parties need additional time to discuss a potential resolution to the charges in this case.

IT IS THEREFORE ORDERED that the time from and March 11, 2021 and April 13, 2021 shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Entered: March 9, 2021