United States District Court
Eastern District of Michigan
Southern Division

United States of America,

              Plaintiff,              Case No.  20-cr-20274
vs.                                      Honorable Arthur J. Tarnow

Charles Joseph Kimbrough Rizzio,

              Defendant.

---

### Application for Entry of Preliminary Order of Forfeiture

---

      Plaintiff, the United States of America, by and through its attorneys, Saima S. Mohsin, Acting United States Attorney for the Eastern District of Michigan, and Adriana Dydell, Assistant United States Attorney, applies to this Court for entry of a Preliminary Order of Forfeiture. In support of this Application, the United States provides:

      1.     On June 25, 2020, the United States obtained a three count Indictment against Defendant Charles Joseph Kimbrough Rizzio. (ECF No. 11). Count One charges Defendant with Dealing Firearms Without a License in violation of 18 U.S.C. § 922(a)(1)(A), Count Two charges Illegal Possession and Transfer of a Machine Gun in violation of 18

1

U.S.C. § 922(o), and Count Three charges Transferring an NFA Firearm in Violation of the NFA under 26 U.S.C. § 5861(e). (ECF No. 11).

2. The Indictment contains a Forfeiture Allegation providing notice that upon conviction of the offenses set forth in Counts One and Two, the United States intends to forfeit any firearm and ammunition involved in or used in the knowing commission of the offenses pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c). (ECF No. 11, PageID.25).

3. On November 30, 2020, the United States filed a First Forfeiture Bill of Particulars that identified the following property for forfeiture (ECF No. 22, PageID. 66-67):

    a. Bond Arms Inc. Wicked Derringer CAL:9 SN:JW0752;

    b. Ruger Rifle Model: American Rifle Cal: 223 SN:187-60735;

    c. Metro Arms Corporation Pistol Model: American CLSC Commdr Cal: 45 SN:A13-05380;

    d. Beretta USA Corp Pistol Model: PX4 STORM Cal: 40 SN:PZ6698A;

    e. Derya Arms (Derya Silah Sanayi) Shotgun Model: VR-60 Cal: 12 SN:R000693;

    f. BOITO/ER AMANTINO/IGA Shotgun Model: Coach Gun Cal: 20 SN:265562;

    g. DPMS INC.(Defense Procurement Mfg. Services) Rifle Model: A15 Cal: MULTI SN:FFH223556;

    h. Ruger Pistol Model: SR40C Cal: 40 SN:343-15300;

    i. Marlin Firearms Co. Rifle Model: 336 Cal: 44 SN:AC48518;

    j. Mossberg Shotgun Model: 500 ATP8 Cal: 12 SN:H385871;

    k. Phoenix Arms Co. Pistol Model: RAVEN Cal: 25 SN:3143181;

    l. German Sports Guns Rifle Model: GSG-522 Cal: 22 SN:A513030; and

    m. Westernfield Rifle Model: M850A Cal: 22 SN: Unknown.

4. On or about May 18, 2021, Defendant pleaded guilty to Counts One and Two of the Indictment, Dealing in Firearms Without a License in violation of 18 U.S.C. § 922(a)(1)(A), and Illegal Possession and Transfer of a Machine Gun in violation of 18 U.S.C. § 922(o).

5. In his Rule 11 Plea Agreement ("Rule 11"), Defendant agreed that on several occasions in May 2020, he sold undercover law enforcement officers firearms and ammunition in exchange for pre-recorded government funds. (Rule 11, page 4). Defendant also acknowledged that he admitted to buying and selling approximately one hundred (100) firearms for approximately the last three years, and to making approximately $50 to $100 per firearm transaction. (Rule 11, page 5). Defendant acknowledged that he has never been licensed to deal firearms. (Rule 11, page 5).

6. As part of his Rule 11, Defendant agreed to forfeit, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any interest he may have in any firearms used or intended to be used in the commission of Counts One and Two, including but not limited to:

a) Bond Arms Inc. Wicked Derringer CAL:9 SN:JW0752;

b) Ruger Rifle Model: American Rifle Cal: 223 SN:187-60735;

c) Metro Arms Corporation Pistol Model: American CLSC Commdr Cal: 45 SN:A13-05380;

d) Beretta USA Corp Pistol Model: PX4 STORM Cal: 40 SN:PZ6698A;

e) Derya Arms (Derya Silah Sanayi) Shotgun Model: VR-60 Cal: 12 SN:R000693;

f) DPMS INC.(Defense Procurement Mfg. Services) Rifle Model: A15 Cal: MULTI SN:FFH223556;

g) Ruger Pistol Model: SR40C Cal: 40 SN:343-15300;

h) Mossberg Shotgun Model: 500 ATP8 Cal: 12 SN:H385871;

i) German Sports Guns Rifle Model: GSG-522 Cal: 22 SN:A513030; and

j) Westernfield Rifle Model: M850A Cal: 22 SN: Unknown;

(together, 6.a. through 6. J. shall be referred to as, "Subject Firearms") (Rule 11, pages 13-14).

7. Defendant expressly waived his right to have a jury determine the forfeitability of his interest in the Subject Firearms as

4

provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure. (Rule 11, page 15).

8. In the Rule 11, Defendant agreed to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture incorporating the forfeiture of the Subject Firearms, upon application by the United States as mandated by Fed.R.Crim.P. 32.2. Defendant agreed that the forfeiture order will become final as to Defendant when entered by the Court. (Rule 11, page 14).

9. With regard to forfeiture, Fed. R. Crim. P. 32.2 provides, in relevant part, that:

> As soon as practical after . . . a plea of guilty . . . is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.

(Rule 32.2(b)(1)(A). Rule 32.2 further provides that "[t]he court's determination may be based on evidence already in the record, including any written plea agreement . . . ." Fed. R. Crim. P. 32.2(b)(1)(B).

10. Rule 32.2 also provides for entry of a preliminary order of forfeiture, stating that,

5

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.

(Fed R. Crim. P. 32.2(b)(2)(A)).

11. Defendant is presently scheduled to be sentenced on October 26, 2021, making it appropriate for the Court to enter a Preliminary Order of Forfeiture. Any claims by third parties to the Subject Firearms shall be resolved under the procedures set forth in 21 U.S.C. § 853(n), as stated in the proposed Preliminary Order of Forfeiture submitted concurrently herewith. Fed. R. Crim. P. 32.2(b)(2)(A), (c).

12. Given that Defendant agreed in the Rule 11 to the entry of a Preliminary Order of Forfeiture incorporating the forfeiture of the Subject Firearms, there should be no objection to this Application or to the proposed forfeiture order. Pursuant to Local Rule 7.1, the undersigned communicated with Defendant's attorney, James Makowski via e-mail to determine his position regarding entry of the requested forfeiture order. As of the filing this Application, a response was not received.

6

Pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), Rule 32.2, and based upon the Indictment, the First Forfeiture Bill of Particulars, the Rule 11, Defendant's guilty plea, this Application, and information contained in the record, the United States respectfully requests that the Court enter the proposed Preliminary Order of Forfeiture submitted concurrently via ECF utilities.

Respectfully submitted,

Saima S. Mohsin
Acting United States Attorney

s/Adriana Dydell
Adriana Dydell
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9125
adriana.dydell@usdoj.gov

Dated: October 20, 2021

## Certification of Service

I hereby certify that on October 20, 2021, the foregoing document was filed with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

S/Adriana Dydell
Adriana Dydell (CA 239516)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226- 9125
Adriana.Dydell@usdoj.gov
