United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                   Hon. Arthur J. Tarnow

v.

                                   Case No. 20-cr-20274

Charles Joseph Kimbrough Rizzio,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Charles Joseph Kimbrough Rizzio, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Counts of Conviction

The defendant will plead guilty to Count 1 and Count 2 of the Indictment. Count 1 charges the defendant with dealing firearms without a license under 18 U.S.C. § 922(a)(1)(A). Count 2 charges the defendant with illegal possession and transfer of a machine gun under 18 U.S.C. § 922(o).

2.    **Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which he is

pleading guilty carry the following minimum and maximum statutory

penalties:

| Count 1 | Term of imprisonment: | Not more than five years' imprisonment |
|---------|----------------------|----------------------------------------|
|         | Fine: | Not more than $250,000 |
|         | Term of supervised release: | Not more than three years |
| Count 2 | Term of imprisonment: | Not more than 10 years' imprisonment |
|         | Fine: | Not more than $250,000 |
|         | Term of supervised release: | Not more than three years |

The defendant further understands that the Court has the

discretion to run the sentences of imprisonment on the counts of

conviction consecutively to each other.

3.    **Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence

consistent with its terms, the United States Attorney's Office for the

Eastern District of Michigan will move to dismiss any remaining

charges in the Indictment against the defendant in this case.

Specifically, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss Count Three of the Indictment, Transferring an NFA firearm in violation of the NFA, in violation of 26 U.S.C. § 5861(e).

## 4.   Elements of Counts of Conviction

The elements of Count 1 are:

1. The defendant was not licensed to deal firearms; and

2. The defendant willfully engaged in the business of dealing firearms.

The elements of Count 2 are:

1. The defendant possessed and/or transferred a machine gun; and

2. The defendant did so knowingly.

## 5.   Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

On several occasions in May 2020, the defendant sold undercover law enforcement officers firearms and ammunition in exchange for pre-recorded government funds.

On May 14, 2020, the defendant sold an undercover law enforcement officer two rifles, three thirty-round caliber magazines, and one rifle scope in exchange for $2,300 in pre-recorded government funds (Undercover Purchase 1).

On May 19, 2020, the defendant sold an undercover law enforcement officer one .45 caliber pistol and approximately 880 rounds of .223 caliber rifle ammunition in exchange for $1,560 in pre-recorded government funds (Undercover Purchase 2).

On May 28, 2020, the defendant sold an undercover law enforcement officer one JL & Company LTD Sten MK II 9mm submachine gun in exchange for $1,500 in pre-recorded government funds (Undercover Purchase 3). The defendant also provided the undercover law enforcement officer with 20 rounds of .223 caliber ammunition, which the defendant failed to give the undercover law enforcement officer during Undercover Purchase 1. During the transaction, the defendant described to the undercover law enforcement

officer how to activate and use the firearm's fully automatic setting. The defendant knew, or was aware of, the essential characteristics of the firearm which made it a "machine gun" as defined by 18 U.S.C. § 921(a).

On June 2, 2020, the defendant sold an undercover law enforcement agent a Mossberg, model 590, 12 gauge, pump shotgun in exchange for $550 in pre-recorded government funds.

On June 8, 2020, federal agents executed a search warrant at the defendant's residence on Allen Avenue in Inkster, Michigan. Agents recovered approximately 59 firearms. The defendant agreed to be interviewed during the execution of the search warrant. The defendant admitted to buying and selling approximately one hundred (100) firearms for approximately the last three years, and to making approximately $50 to $100 per firearm transaction. The defendant has never been licensed to deal firearms. The parties agree that the defendant willfully engaged in the business of dealing firearms.

## 6.   Advice of Rights

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes

charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.     The right to plead not guilty and to persist in that plea;

B.     The right to a speedy and public trial by jury;

C.     The right to the assistance of an attorney at every critical stage of the proceedings, including trial;

D.     The right to an appointed attorney, if the defendant cannot afford to retain one;

E.     The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

F.     The right to confront and cross-examine adverse witnesses at trial;

G.     The right to testify or not to testify at trial, whichever the defendant chooses;

H.     If the defendant chooses not to testify, the right to have the jury informed that it may not treat that choice as evidence of guilt;

I.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

J.      The right to compel the attendance of witnesses at trial.

**7.      Collateral Consequences of Conviction**

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his convictions here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

8.      **Defendant's Guideline Range**

        A.      **Court's Determination**

The Court will determine the defendant's guideline range at

sentencing.

        B.      **Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal

Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a). Further, if the

defendant's offense level is 16 or greater and the defendant is awarded

the two-level reduction under USSG § 3E1.1(a), the government

recommends that the defendant receive an additional one-level

reduction for acceptance of responsibility under USSG § 3E1.1(b). If,

however, the government learns that the defendant has engaged in any

conduct inconsistent with acceptance of responsibility—including, but

not limited to, making any false statement to, or withholding

information from, his probation officer; obstructing justice in any way;

denying his guilt on the offenses to which he is pleading guilty;

committing additional crimes after pleading guilty; or otherwise

demonstrating a lack of acceptance of responsibility as defined in USSG

§ 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.   Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

The parties agree that the offenses involved a firearm described in 26 U.S.C. § 5845(a), pursuant to USSG § 2K2.1(a)(5).

The parties agree that the offenses involved 25 – 99 firearms, pursuant to USSG § 2K2.1(b)(1)(C).

The parties agree that the offenses involved the trafficking of firearms, pursuant to USSG § 2K2.1(b)(5).

### D.   Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Other than the guideline recommendations and factual stipulations in those paragraphs, however, neither party is restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

9.    **Imposition of Sentence**

    A.    **Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

    B.    **Imprisonment**

        1.    **Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the midpoint of the defendant's guideline range as determined by the Court.

        2.    **No Right to Withdraw**

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if

the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.   Supervised Release

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a two-year term of supervised release.

#### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

**D.    Fines**

There is no recommendation or agreement as to a fine.

**E.    Restitution**

Restitution is not applicable to this case.

**F.    Forfeiture**

Defendant agrees, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), to forfeit any interest he may have in any firearms used or intended to be used in the commission of Counts One and Two, including but not limited to:

1.    Bond Arms Inc. Wicked Derringer CAL:9 SN:JW0752;

2.    RUGER Rifle Model: AMERICAN RIFLE Cal: 223 SN:187-60735;

3.    Metro Arms Corporation Pistol Model: AMERICAN CLSC COMMDR Cal: 45 SN:A13-05380;

4.    BERETTA USA CORP Pistol Model: PX4 STORM Cal: 40 SN:PZ6698A;

5.    Derya Arms (Derya Silah Sanayi) Shotgun Model: VR-60 Cal: 12 SN:R000693;

6.     DPMS INC.(DEFENSE PROCUREMENT MFG.

         SERVICES) Rifle Model: A15 Cal: MULTI SN:FFH223556;

7.     RUGER Pistol Model: SR40C Cal: 40 SN:343-15300;

8.     MOSSBERG Shotgun Model: 500 ATP8 Cal: 12

         SN:H385871;

9.     German Sports Guns Rifle Model: GSG-522 Cal: 22

         SN:A513030; and

10.    Westernfield Rifle Model: M850A Cal: 22 SN: Unknown.

Defendant agrees to the entry of one or more orders of forfeiture,

including the entry of a Preliminary Order of Forfeiture, incorporating

the forfeiture of the above referenced property following Defendant's

guilty plea, upon application by the United States as mandated by

Fed.R.Crim.P. 32.2. Defendant agrees that the forfeiture order will

become final as to Defendant when entered by the Court. Defendant

agrees that he will not take any action, or assist anyone else in taking

any action, to contest or otherwise challenge the forfeiture of the

identified property in any forfeiture proceeding.

Defendant acknowledges that the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") initiated administrative forfeiture proceedings against approximately fifty-nine (59) firearms seized from him on June 8, 2020 in Inkster, Michigan. Defendant acknowledges that ATF approved administrative forfeiture of all of these firearms in or about October 2020. Defendant agrees that he did not and will not contest administrative forfeiture of these firearms. If anyone contests the administrative forfeiture, Defendant agrees to consent to judicial forfeiture of these firearms and to the entry of a Preliminary Order of Forfeiture in this case.

Defendant expressly waives his right to have a jury determine forfeitability of his interest in the firearms as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Defendant further waives the requirements of Fed.R.Crim.P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and

waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Fed.R.Crim.P. 11(b)(1)(J).

Defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $200, due immediately upon sentencing.

## 10.    Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 11.    Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the

defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12.  Consequences of Withdrawal of Guilty Plea or Vacation of Judgment agreement

If the defendant is allowed to withdraw his guilty pleas, or if the defendant's conviction or sentence under this is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges

as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 13. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 14. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 15. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the

guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 16.   Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 PM on April 6, 2021. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Saima S. Mohsin
Acting United States Attorney

_____
Matthew Roth
Chief, Major Crimes Unit
Assistant United States Attorney

_____
Erin Ramamurthy
Assistant United States Attorney

Dated: March 22, 2020

By signing below, the defendant and his attorney agree that the

defendant has read or been read this entire document, has discussed it

with his attorney, and has had a full and complete opportunity to confer

with his attorney. The defendant further agrees that he understands

this entire document, agrees to its terms, has had all of his questions

answered by his attorney, and is satisfied with his attorney's advice and

representation.

_____
James Makowski
Attorney for Defendant

_____
Charles Joseph Kimbrough Rizzio
Defendant

Dated: 3/31/2021